**Sam L. YOUNG, Plaintiff and Appellant,**

v.

**WESTERN PILING AND SHEETING, Defendant and Respondent.**

No. 18550.

Supreme Court of Utah.

March 9, 1984.

Richard C. Dibblee, Salt Lake City, for plaintiff and appellant.

Sherlyn White Fenstermaker, Timothy R. Hanson, Salt Lake City, for defendant and respondent.

HOWE, Justice:

The plaintiff appeals from the denial of his motion to set aside a release which had been executed by him and to vacate an order dismissing the instant action entered pursuant to the release and a stipulation of the parties.

Plaintiff brought this action in March 1971 seeking damages for personal injuries which he had sustained in an accident which occurred the previous month. Plaintiff was a resident of Texas but was working in this state assisting in the construction of his employer's automobile crushing machine. He was struck by a steel beam being hoisted by a crane operated by the defendant, a third party. In his complaint he alleged that he had sustained "severe brain damage requiring surgical treatment," loss of bodily function and other personal injuries. He sought $500,000 in general damages in addition to special damages to cover his hospital and medical costs.

On February 1, 1973 a settlement was reached between the parties. In consideration of $8,500 paid to the plaintiff, he executed and delivered to the defendant a full and complete release of all claims he had arising out of the accident. The release was in the usual form, reciting that the plaintiff intended to release all claims for injuries to him "whether now known or unknown and whether now in existence or to arise hereafter." Counsel for the parties stipulated that the plaintiff's complaint should be dismissed with prejudice and upon the merits. On February 14, 1973 the trial court entered a judgment to that effect.

On March 8, 1982 the plaintiff filed a motion to vacate the stipulation and judgment of dismissal, and to set aside the release executed by the plaintiff. The motion was supported by affidavits of plaintiff's attorney in Texas and a physician in that state who had been treating him. The affidavits asserted the opinions that plaintiff had sustained a severe brain injury in the accident which rendered him incapable of fully understanding or appreciating the nature and consequences of his action in accepting the settlement. The motion was opposed by the defendant and after a hearing the trial court denied the plaintiff's motion.

Rule 60(b), Utah Rules of Civil Procedure, enumerates the grounds upon which a final order and judgment may be later vacated. While the plaintiff did not specify which ground he relied upon, it appears that the three month time limit attached to four of the grounds would make them unavailable to the plaintiff. Of the remaining grounds it appears that only ground No. 7 could apply which is "any other reason justifying relief from the operation of the judgment." No specific time requirement is imposed other than the motion must be filed within "a reasonable time."

While the trial court did not specify a reason or basis for its denial of the plaintiff's motion, its action can be sustained if for no other reason because the motion was not filed within a reasonable time. It appears from the affidavit of the plaintiff's physician filed in support of the motion that the physician first saw the plaintiff on July 15, 1975. In that affidavit the physician stated:

> His first visit revealed a man in much misery, .... He was confused and presented much as any patient that was depressed and had chronic brain disease which had him so confused that I had to get most of his history from his most understanding wife ... His confusional state had existed since his accident and is still present to the date of his last visit to me on 10–15–81 and will be present the remainder of his life.

Thus it appears from the foregoing affidavit that the plaintiff's physician detected on July 15, 1975 the confused mental condition which plaintiff now urges as the basis of his motion to vacate the order dismissing his lawsuit. Yet the motion to vacate was not filed until March 8, 1982, over six and one-half years later. No reason is suggested by the plaintiff why the motion was not filed soon after the plaintiff's first visit to his physician in 1975. In view of the laches of the plaintiff, the trial court acted well within its ambit of discretion in denying the motion. The granting of the motion would have forced the defendant to defend an action against it for a sizable amount of money arising out of an occurrence happening 11 years before. The prejudice and disadvantage to the defendant is readily apparent. Some witnesses may no longer be available; recollections may be dimmed. Valuable evidence may have long been discarded or destroyed.

Under the fact situation presented to the trial court we hold that there was no abuse of discretion in his denial of the plaintiff's motion and, consequently, we affirm that denial. Costs awarded to defendant.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.